UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

GAYE LYNN DILEK BREWER,

    Plaintiff,

v.                                                                    Case No. 3:17cv106-LC-MD

CASEY RODGERS, et al.,

    Defendants.
_____/

REPORT AND RECOMMENDATION

This matter is before the court on plaintiff's civil rights complaint. (Doc. 1). After reviewing the complaint, the undersigned concludes this case should be dismissed due to plaintiff's failure to state a claim on which relief may be granted.

The complaint names 4 judges of the U.S. District Court for the Northern District of Florida as defendants: Casey Rodgers, Charles Kahn, Roger Vinson, and Elizabeth Timothy. Christopher Canova, the U.S. Attorney for the Northern District of Florida, is also named as a defendant. Although plaintiff's allegations are somewhat confusing, the thrust of the complaint appears to be that the defendant judges "obstructed justice" by issuing decisions unfavorable to plaintiff. Plaintiff also alleges Mr. Canova failed to prosecute individuals for destroying evidence related to a different case. As relief, plaintiff seeks $2,000,000 and the "prosecution

of these judges under War Crimes Act [and] Geneva Convention laws for fraudulent concealment of all laws to hide war criminals."

Although plaintiff asserts the defendants' actions violated a variety of federal laws, it is evident she has utterly failed to allege facts showing she is entitled to relief, or that, on these facts, she could cure the deficiency by amendment. *See* Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief[.]"); *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Alleging Mr. Canova failed to prosecute an individual does not state a cause of action. *See Otero v. U.S. Att'y Gen.*, 832 F.2d 141, 141 (11th Cir. 1987) ("[A] private citizen has no judicially cognizable interest in the prosecution or non-prosecution of another.") (*citing Linda R.S. v. Richard D.*, 410 U.S. 614, 619, 93 S. Ct. 1146, 35 L. Ed. 2d 359 (1973)). Similarly, the court cannot order the prosecution of the defendant judges. *See Nicholas v. Heffner*, 228 F. App'x 139, 141 (3d Cir. 2007) ("[T]he District Court lacks authority to order a federal investigation and prosecution of the defendants or the termination of their employment."). Furthermore, because plaintiff complains of actions the judges took in their judicial capacities, the judges are protected by judicial immunity. *See Bolin v. Story*, 225

F.3d 1234, 1239 (11th Cir. 2000) ("Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the 'clear absence of all jurisdiction.'") (citations omitted). The mere fact plaintiff feels irritated or aggrieved by the results of judicial proceedings does not provide a basis for a civil rights lawsuit. The complaint, therefore, should be dismissed.

Of note, plaintiff has an extensive history of filing meritless lawsuits in federal court. Since March 9, 2015, plaintiff has filed 26 complaints. With the exception of the instant action, all the complaints have been dismissed before service, including 23 in the Northern District of Florida. *See Brewer v. Cohen*, Case No. 3:16cv652-RV-GRJ (case dismissed); *Brewer v. U.S. Dep't of Educ.*, Case No. 3:16cv651-MCR-CJK (case dismissed); *Brewer v. Fed. Bureau of Investigations*, Case No. 3:16cv460-MCR-CJK (case dismissed); *Brewer v. Morgan*, Case No. 3:16cv457-MCR-GRJ (case dismissed); *Brewer v. Workforce Fla.*, Case No. 3:16cv447-MCR-CJK (case dismissed); *Brewer v. Gonzalez*, Case No. 3:16cv91-MCR-CJK (case dismissed); *Brewer v. Escambia Cty. Courts*, Case No. 3:16cv72-MCR-EMT (complaint dismissed without prejudice for failure to state a claim); *Brewer v. State of Oklahoma*, Case No. 3:16cv48-MCR-EMT (case dismissed without prejudice as abusive of the judicial process); *Brewer v. Pensacola Police Dep't*, Case No. 3:16cv30-MCR-EMT (case dismissed without prejudice as abusive of the judicial

process); *Brewer v. City of Gulf Breeze*, Case No. 3:15cv573-RV-EMT (case dismissed); *Brewer v. Pensacola Police Dep't*, Case No. 3:15cv567-MCR-EMT (federal claims dismissed with prejudice for failure to state a claim and state law claims dismissed without prejudice); *Brewer v. U.S. Attorney's Security*, Case No. 3:15cv563-MRC-CJK (case dismissed for failure to state a claim); *Brewer v. Area Housing Comm'n*, Case No. 3:15cv500-MCR-EMT (federal claims dismissed with prejudice for failure to state a claim and state law claims dismissed without prejudice); *Brewer v. U.S. Marshals Courthouse Security*, Case No. 3:15cv497-MCR-EMT (federal claims dismissed with prejudice as frivolous and for lack of jurisdiction; state law claims dismissed without prejudice); *Brewer v. City of Gulf Breeze*, Case No. 3:15cv489-MCR-EMT (federal claims dismissed with prejudice as frivolous and state law claims dismissed without prejudice); *Brewer v. City of Pensacola*, Case No. 3:15cv484-MCR-EMT (complaint dismissed with prejudice for failure to state a claim); *Brewer v. Pensacola Police Dep't*, Case No. 3:15cv469-MCR-CJK (case dismissed without prejudice for plaintiff's failure to state a claim upon which relief can be granted); *Brewer v. Willis*, Case No. 3:15cv183-RV-EMT (case dismissed without prejudice for plaintiff's failure to comply with an order of the court); *Brewer v. Bodenhausen*, Case No. 3:15cv154-RV-EMT (case dismissed with prejudice for failure to state a claim); *Brewer v. Nelson*, Case No. 3:15cv145-MCR-EMT (federal claims dismissed with prejudice for failure to state a claim upon

which relief can be granted and state law claims dismissed without prejudice); *Brewer v. Morgan*, Case No. 3:15cv132-RV-EMT (case dismissed without prejudice as frivolous and for failure to state a claim); *Brewer v. Meadows*, Case No. 3:15cv95-RV-EMT (federal claims dismissed with prejudice for failure to state a claim and state law claims dismissed without prejudice); *Brewer v. Frydrychowicz*, Case No. 3:15cv89-MCR-CJK (case dismissed). Two other complaints were dismissed before service in the Northern District of Oklahoma. *See Brewer v. Weaver*, Case No. 4:15cv139-CVE-TLW (N.D. Okla. Apr. 10, 2015) (dismissing complaint after finding plaintiff failed to allege a colorable federal claim and her state law claims were precluded by Oklahoma law and the doctrine of standing); *Brewer v. Gore*, Case No. 4:15cv140-GKF-PJC (N.D. Okla. Mar. 27, 2015) (dismissing complaint for failure to state a claim and for seeking monetary relief against defendants who are immune from such relief).

Plaintiff's habit of filing meritless lawsuits disrupts the court's docket and hinders its ability to process meritorious claims filed by other litigants. This particular plaintiff—perhaps for reasons beyond her control—seems to view the federal courts as some sort of complaint box or depository for all of life's grievances, rather than a forum for resolution of real disputes. No useful purpose could be served by allowing this clearly frivolous matter to proceed further.

Accordingly, it is respectfully RECOMMENDED:

1. That this case be DISMISSED.

2. That the clerk be directed to close the file.

At Pensacola, Florida, this 3rd day of March, 2017.

/S/ MILES DAVIS
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the Magistrate Judge and all other parties.  A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* U.S. Ct. of App. 11th Cir. Rule 3-1; 28 U.S.C. § 636.